# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

SCOTTSDALE INSURANCE COMPANY,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:16-cv-05620

EMPIRE BUILDERS, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Empire Builders, Inc.'s Motion to Dismiss. (ECF No. 26.) For the reasons provided herein, the Court **DENIES** the motion.

### *I. BACKGROUND*

This case, filed pursuant to the federal Declaratory Judgment Act, involves two plaintiff insurance companies[1] that seek a declaration from this Court that they have no duty to defend or indemnify Defendant for damages that may be awarded against it in litigation currently in the Circuit Court of Monongalia County, West Virginia. In that state court case, a plaintiff claiming bodily injury and property damage sued Defendant. Almost eight months after this case was filed, Defendant filed the instant motion to dismiss this action on abstention grounds after filing a third-

---

[1] While Plaintiff Scottsdale Insurance Company originally brought this action as the sole plaintiff, the Court granted American Empire Surplus Lines Insurance Company's motion to intervene on November 28, 2016. (ECF No. 19.) Thus, Plaintiff Scottsdale Insurance Company and Intervenor Plaintiff American Empire Surplus Lines Insurance Company are referred to throughout this memorandum opinion and order collectively as the "Plaintiff insurance companies" or "Plaintiffs."

party complaint in the underlying state action against the two Plaintiff insurance companies here. Per that third-party complaint in the underlying state case, Defendant seeks a similar declaration from the state court that the two insurance companies must indemnify it for any adverse judgment. Both Plaintiff insurance companies filed motions to dismiss the third-party action in state court based on this federal matter. Plaintiff Scottsdale Insurance Company notified this Court that the Circuit Court of Monongalia County subsequently stayed the third-party action there until this Court "decide[s] whether it intends to retain jurisdiction of . . . [Plaintiffs'] declaratory judgment claims." (ECF No. 30.)

## II. DISCUSSION

A district court's discretion to dismiss a case on abstention grounds is conferred by the Declaratory Judgment Act and may be exercised regardless of an independent jurisdictional basis for the suit. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 289–90 (1995) ("[D]istrict courts possess discretion in determining whether . . . to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); *see also United States v. City of Las Cruces*, 289 F.3d 1170, 1180–81 (10th Cir. 2002) ("This is because the Declaratory Judgment Act itself is an enabling act, which confers a discretion on the courts regardless of the jurisdictional bases upon which the suit is brought." (internal quotation marks omitted) (citation omitted)). Case law on the abstention doctrine is clear that a pending state action does not necessarily bar a federal suit concerning the same subject matter if the federal court has jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13–19 (1983). Here, Plaintiff Scottsdale Insurance Company asserts—and Defendant concedes—that jurisdiction is proper as there is complete diversity between the parties and the

2

amount in controversy exceeds $75,000.  (ECF No. 1 at 2 ¶ 4; ECF No. 9 at 2 ¶ 4.)

Where state proceedings are parallel and duplicitous and will adequately settle all claims related in the federal action, the Court may exercise its discretion to refuse to exercise jurisdiction. *See Gannet Co., Inc. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 741 (4th Cir. 2002); *see also Wilton*, 515 U.S. at 286–89; *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 817–20 (1976) (noting a presumption against abstention); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495–98 (1942).  The Court recognizes that Defendant brought a third-party complaint against Plaintiffs here in the underlying state action that would arguably duplicate the current proceeding.  However, Defendant did not seek leave of the state court to file that third-party complaint until after this federal suit was filed—eighteen months after the state court matter commenced.  While Plaintiffs here each sought dismissal of the third-party complaint in state court, the state court has not disposed of or proceeded with that third-party suit.  Rather, it stayed the third-party complaint filed by Defendant pending this Court's decision regarding whether it will retain jurisdiction.  (*See* ECF No. 30.)

Of particular persuasion to the Court here is the timing of Defendant's motion.  This case was originally filed on June 22, 2016, yet Defendant did not file the instant motion until March 15, 2017.  Given that the state court action commenced in December 2014, it is clear that Defendant did not consider seeking indemnification from Plaintiffs here in the state court litigation until it was prompted to do so by the matter now pending before this Court.  Defendant provides the Court with no good cause for why it waited nine months after this litigation's commencement to attempt to persuade this Court that it should not exercise jurisdiction over the matter beyond Defendant's delayed decision to file the third-party complaint in state court a year and a half after

that action began. Motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b) were due in this case on October 31, 2016. (ECF No. 10.) The Court notes that the pending motion is not a traditional Rule 12(b) motion to dismiss challenging an impediment to this Court's exercise of authority such as lack of jurisdiction or the complaint's failure to state a claim, but it helps demonstrate that Defendant's decision not to raise the abstention issue earlier in this case's history is suspect at best.

While failure to raise the issue of abstention sooner does not automatically bar the Court from exercising its discretionary power to abstain from hearing this case, it is a factor this Court has considered in deciding to retain jurisdiction and resolve the parties' dispute in this forum. The Circuit Court of Monongalia County has stayed the state court proceedings that are potentially parallel and duplicitous. Thus, the matter there has not proceeded past the pleadings stage. Conversely, discovery is closed in this federal matter, and the Court has under advisement two motions for summary judgment that became ripe last month. The Court perceives no advantage in abstaining from the exercise of proper jurisdiction in this case, particularly given that discovery is closed and summary judgment motions are pending, unlike the state court proceeding that appears to remain in its infancy.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Dismiss, (ECF No. 26), and will proceed toward resolving the pending motions for summary judgment.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 21, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE